# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERELUX LTD., <br><br> Plaintiff, <br><br> vs. <br><br> YUE SHAO, an individual; DAVID PEARCE, an individual; JAMES EVANS, an individual; PABLO STAFFORINI, an individual; NAMECHEAP, INC., a Delaware corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: CV 17-02909-MWF (KSx) <br><br> **ORDER FOR PRELIMINARY INJUNCTION** |

On April 20, 2017, Plaintiff Cerelux Ltd. ("Cerelux") filed an Ex Parte Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Application"). (Docket No. 9). On April 21, 2017, the Court granted, in part, Cerelux's Application ("Order re TRO"). (Docket No. 15). The Court set a hearing on the Order to Show Cause, and set a schedule for Defendants to file opposing papers.

Plaintiff filed a Response to the Court's OSC on April 27, 2017. (Docket No. 26). On April 27, 2017, Defendants James Evans, David Pearce, and Pablo Stafforini filed an Opposition to the proposed preliminary injunction. (Docket No. 28). Defendant Yue Shao failed to file any papers or otherwise to appear. On May 1, 2017, Plaintiff filed a Reply in support of the proposed preliminary injunction. (Docket No. 29).

Having read and reviewed the papers submitted on the Order to Show Cause, and having considered the arguments at the hearing held on May 2, 2017,

Now, therefore, pursuant to Rule 65 of the Federal Rules of Civil Procedure, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that a preliminary injunction shall issue. The above-named Defendants, their officers, directors, employees, agents, subsidiaries, distributors and other persons in active concert or participation with them or the Domain Name having actual notice of this Order, including any domain name registrars, domain name registries or their administrators, are **ORDERED** to take the following steps to preserve the *status quo ante* and prevent further irreparable injury to Plaintiff and its customers:

1. The above-named Defendants, GoDaddy, Inc., as the registrar of record for the domain name, <nootropics.com> (the "Domain Name"), or whomever is the registrar of record of the Domain Name at the time this Order is entered, are directed to immediately and no later than 12 hours after service on GoDaddy, via email at disputes@godaddy.com, a copy of this Order, the complaint and all moving papers:
    a. record, change, transfer or assist in changing the registration of record for the Domain Name in Plaintiff's name and into an account with GoDaddy, under Plaintiff's sole control, or a domain-name registrar of Plaintiff's choosing;

   b. change, transfer, point or assist in pointing the DNS servers for the Domain Name to a server or servers of Plaintiff's choosing;

   c. change, transfer, point or assist in pointing the MX or email servers for the Domain Name to a MX server or servers of Plaintiff's choosing; and

   d. place a legal lock on the Domain Name after said transfer(s) take place.

  **IT IS FURTHER ORDERED** that Plaintiff shall have full access to all functionality of the Domain Name and that the above-named Defendants may not impede plaintiff's access in any manner.

  **IT IS FURTHER ORDERED** that pending resolution of this lawsuit or further order of the court, Plaintiff shall not transfer or dispose of said Domain Name, but shall retain it in order to restore same to the above-named Defendants if this court shall ultimately determine that the above-named Defendants are the lawful owners of said Domain Name.  Notwithstanding the foregoing, Plaintiff is free to use the Domain Name in any and all other ways, including but not limited to, the entirety of its prior use of the Domain Name.

  **IT IS FURTHER ORDERED** that, pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, Plaintiff shall be required to give security in the amount of one thousand dollars ($1,000).

  **IT IS FURTHER ORDERED** that plaintiff shall personally serve a copy of this Order, the complaint, and all papers filed in support of this Order on Defendants Namecheap, Inc., and Yue Shao on or before May 8, 2017.

//
//
//
//
//

**IT IS FURTHER ORDERED** that Plaintiff shall provide notice of this Order by serving a copy of this Order, the Complaint, and all papers filed in support of this Order on nonparty GoDaddy, Inc. via email at disputes@godaddy.com on or before May 8, 2017.

**IT IS SO ORDERED.**

DATED: May 3, 2017.

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE